UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA CAREY DELL,
          Plaintiff,

v.                                                          Case No: 6:18-cv-286-Orl-28TBS

TRANSPORTATION SECURITY
ADMINISTRATION,
          Defendant.

## ORDER

In this negligence action against the Transportation Security Administration (TSA) under the Federal Tort Claims Act (FTCA),[1] Linda Carey Dell alleges that the TSA negligently allowed a dangerous condition to remain at a security checkpoint area that it maintained at the Orlando International Airport. Dell contends that as a result of the TSA's negligence, she tripped and fell, suffering bodily injury. The United States has filed a Motion to Dismiss (Doc. 12), arguing that the United States—not the TSA—is the only proper party defendant in an FTCA case and that Dell has also failed to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2] Having considered the motion and Dell's Response (Doc. 13), the Court grants the motion in part and denies it in part.

## I.    Improper Party

Dell does not contest that the United States is the proper party defendant, and she requests leave to amend her Complaint to name the United States as the defendant in the

---

[1] 28 U.S.C. §§ 1346(b) & 2674.
[2] The motion states that it seeks dismissal of "Plaintiff's Amended Complaint," (Doc. 12 at 1), but there is only one Complaint in the record—the initial Complaint (Doc. 1).

TSA's stead. Thus, the United States' motion is granted on this basis, but Dell will be granted leave to amend her Complaint to name the correct defendant.

## II.    Failure to State a Claim Under Rule 12(b)(6)

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

The United States argues that Dell "has not, and cannot, establish that TSA owed her a duty," (Doc. 12 at 6), and "cannot establish that a duty was breached," (id. at 8). But in its motion the United States raises factual matters outside the Complaint that cannot be resolved on a motion to dismiss. Dell has sufficiently alleged a duty, and resolution of the questions whether a duty existed and was breached involves facts that have not yet been developed. Accordingly, the United States' motion will be denied insofar as it asserts failure to state a claim for which relief can be granted.

## III.    Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

2

1.    The United States' Motion to Dismiss (Doc. 12) is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** insofar as it asserts that Plaintiff has sued the wrong party.  The motion is otherwise **DENIED**.

2.    The Complaint (Doc. 1) is **DISMISSED without prejudice.  On or before Friday, September 28, 2018**, Plaintiff may file an amended complaint naming the United States as the defendant.

**DONE** and **ORDERED** in Orlando, Florida, on September ___, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

3